**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**KAMAL ASSAD,**

*Petitioner*,

v. Case No. 2:26-cv-03136-BCL-atc

**CHRISTOPHER BULLOCK,**

*Respondent*.

---

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

---

Petitioner Kamal Assad has filed a Petition for Writ of Habeas challenging his immigration detention, by which he seeks immediate release or a bond hearing. Doc. 1 at 1, 8. This Court ordered a response, to which Petitioner replied. Docs. 8, 11. For the reasons that follow, the Petition is **DENIED** and the associated Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **DENIED AS MOOT**.

Petitioner has failed to exhaust administrative remedies. The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably

helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

Petitioner has not exhausted his administrative remedies here. Petitioner has a bond hearing scheduled for September 23, 2026, which means he has not yet completed the process of seeking bond from immigration court and, if needed, the Board of Immigration Appeals. Doc. 10 at 5; Doc. 10-3. While Petitioner points to the fact that he is now detained in Louisiana, away from the current venue for the bond hearing (Memphis, near where Petitioner was formerly detained), any such initial discrepancy or concern about location does not itself excuse the prudential exhaustion requirement. That is, the current venue does not, for example, establish that a venue problem (if one exists) cannot be corrected or somehow renders the administrative process unavailable to Petitioner (say, because Respondent will not make remote attendance possible, or transfer Petitioner so that he may attend in Memphis).[1] And while Petitioner highlights his arguments concerning the merits of his detention, he offers no support for the implicit argument that the

[1] Petitioner highlights that *removal* proceedings are scheduled for Louisiana, but he offers no explanation for why (much less authority showing that) a bond proceeding must occur before the same immigration court unit that will adjudicate removal. As for the nonexclusive list of solutions in the text, Petitioner does not appear to have a preference, as he focuses on arguing that a hearing in Memphis would not be a "meaningful, available remedy for exhaustion purposes"—but apparently only because Respondent has highlighted that Petitioner is now held in Louisiana. Doc. 11 at 7. There's a big gap between Petitioner's premise and his conclusion: It is difficult to see how he jumps from current confinement in Louisiana to a later bond hearing in Memphis being potentially ineffective. On this record, the Court can only conclude that a bond hearing in Memphis offers a meaningful opportunity for Petitioner to present his arguments against detention and for release.

Immigration Court or BIA cannot consider those issues when ruling on his bond motion. In other words, Petitioner has not provided any valid reason for excusing exhaustion of administrative remedies.

## <u>CONCLUSION</u>

Plaintiff's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and his Motion for Temporary Restraining Order (Doc. 2) is **DENIED** as moot.

**IT IS SO ORDERED**, this 16th day of September, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE