**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**KAMAL ASAAD**,

*Petitioner*,

v. Case No. 2:26-cv-03136-BCL-cgc

**CHRISTOPHER BULLOCK**, Field Office Director, New Orleans Field Office, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations,

*Respondent*.

---

**ORDER DENYING MOTION FOR RECONSIDERATION**

---

Petitioner Kamal Assad filed for a Writ of Habeas Corpus in which he challenged his detention without a bond hearing pending removal proceedings. Doc. 1. The Court ordered Respondent to respond. Doc. 8. Respondent provided a response. Doc. 10. Petitioner filed a Reply to the Respondent's Response. Doc. 11. From that record, the Court denied the petition and the associated motions. Doc. 13. Accordingly, the Court entered judgment for Respondent. Doc. 14. Petitioner has now filed a motion for reconsideration. Doc. 15.

The Court again ordered a response (filed at Doc. 17) and permitted Petitioner to reply (filed at Doc. 18). For the following reasons, the Motion is **DENIED**.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure authorize at least two vehicles for seeking what, in effect, amounts to reconsideration of a court's final judgment": a motion to alter or amend the judgment under Rule 59(e), and a motion for relief from the judgment under Rule 60(b). *In re E.*

*Palestine Train Derailment*, 160 F.4th 751, 759 (6th Cir. 2025) (citations omitted). Neither is "a vehicle to present new arguments that could have been raised prior to the court's dispositive decision." *Id.* Nor are they vehicles for merely rehashing old arguments. *See Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997). Rather, a motion for reconsideration—including a motion under Rule 59—should only be granted for: (1) "a clear error of law" in the earlier decision, (2) "newly discovered evidence" that could not have been discovered sooner, (3) an "intervening change in controlling law," or (4) "to prevent manifest injustice." *Cont'l Cas. Co. v. Indian Head Indus., Inc.*, 941 F.3d 828, 833 (6th Cir. 2019) (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

## ANALYSIS

**A.** The Court earlier denied Petitioner's Petition because he did not exhaust his administrative remedies by pressing his request for bond to the Immigration Court and, if necessary, the Board of Immigration Appeals. Doc. 13 at 2-3. Petitioner's new Motion is based primarily on his claim that the bond hearing was inadequate because the Immigration Court disposed of the request without ruling on the merits because Petitioner is currently housed within the geographic confines of another jurisdiction. Doc. 15 at 2.

Petitioner's motion reflects that the bond hearing on September 23, 2026, concluded as "[w]ithdrawn without prejudice as the respondent was transferred to another jurisdiction." Doc. 15-1; Doc. 18 at 2. So, to restate the disposition, Petitioner *withdrew his bond request*, meaning he again did not exhaust his administrative remedies by following the request through to a decision before the Immigration Court.[1] And even if Petitioner had done so, he offers no explanation for

[1] Petitioner contends that the Immigration Court invited that result by indicating its own view that the Memphis Immigration Court lacked jurisdiction. Doc. 18 at 2. But Petitioner could and should have corrected the Immigration Court, citing his Petition and the resulting Order, which are consistent with Respondent's past recognition (in other cases) that Sixth Circuit precedent governs proceedings subject to a petition in this Court, even if the alien

his failure to appeal the dismissal to the BIA for a decision. Thus, the reason for the original denial stands and there is no basis for reconsideration, because Defendant has not exhausted his administrative remedies.

**B.** Petitioner also argues that reconsideration is independently warranted because the third claim in his Petition—that his detention violates a statute and regulation due to lack of a warrant at the time he was originally arrested—has not been addressed. Doc. 15 at 7-8. This argument fails because Claim III was addressed: The Court's dismissal based on prudential exhaustion applied to this claim alongside Petitioner's other claims. Petitioner now simply rehashes his argument that the Immigration Court could not adjudicate this claim, but a rehashed argument is no basis for reconsideration and, in any event, Petitioner offers no authority for his categorical claim that the Immigration Court and BIA cannot address the legal impact of a purportedly improper lack of a warrant on ongoing detention. Moreover, the possibility of escape before issuance of a warrant, as justifies a warrantless arrest under Petitioner's cited regulations (8 CFR 287.8(c)(ii)), is naturally bound up with the risk of nonappearance, which all agree an Immigration Court can address. Finally, the Court notes that Respondent has submitted a warrant directing Petitioner's arrest on August 31, 2026, a fact which independently defeats this argument given Petitioner's failure to offer anything more than speculation that the document might be invalid. Doc. 10-2.

* * *

For the foregoing reasons the Motion is **DENIED**.

**IT IS SO ORDERED**, this 4th day of November, 2026.

---

has since been transferred. Or, Petitioner could have pressed for application of Sixth Circuit law in an Immigration Proceeding occurring somewhere else, consistent with his petition and the resulting order. Instead, Petitioner withdrew his bond motion—expressly choosing not to exhaust administrative remedies based on the Immigration Court's initial suggestion of its view.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE